UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA WHITE,<br><br>              Plaintiff(s),<br>    v.<br><br>UNIVERSITY OF WASHINGTON et al,<br><br>              Defendant(s). | CASE NO. 2:22-cv-01798-TL<br><br>ORDER |

    This is an employment discrimination case brought by Plaintiff Melissa White against her former employer, University of Washington and certain related entities and individuals arising out of Plaintiff's refusal to be vaccinated for COVID-19 based on a religious exemption. *See, e.g.*, Dkt. No. 1-2 at 3–4, 59–60, 69. This matter comes before the Court on its own motion, upon review of the record, and the Parties' joint status report (Dkt. No. 57). For the reasons below, the Court STAYS this case, with certain limited exceptions, until the resolution of the various pending motions.

ORDER - 1

Defendants removed this case on December 19, 2022. Dkt. No. 1. Since then, Plaintiff has filed numerous motions before this Court, comprising of the following:

- Motion to remand (filed December 27, 2022; still pending) (Dkt. No. 11)
- Motion for default against Defendant UW Medicine Choice Care LLC (filed December 27, 2022; later withdrawn) (Dkt. Nos. 12, 17)
- Motion for default against Defendant Timothy Dellit (filed December 27, 2022; later withdrawn) (Dkt. Nos. 13, 17)
- Motion to "consider state Superior Court pending motions" (filed December 29, 2022; later withdrawn) (Dkt. Nos. 18, 31)
- Motion for more definite statement (filed January 11, 2023; later withdrawn) (Dkt. Nos. 34, 40)
- Motion to strike affirmative defenses (filed January 20, 2023; still pending) (Dkt. No. 42)
- Motion for "ruling on proper service and if needed alternative service" (filed February 13, 2023; still pending) (Dkt. No. 52)

Plaintiff has also filed "declarations" containing ethics complaints against Defendants' counsel. Dkt. Nos. 21, 22.

On February 2, 2023, Defendants moved for sanctions against Plaintiff, arguing that Plaintiff has forced Defendants to spend considerable time and resources responding to her filings, which are numerous, frequent, and potentially aimed at driving up Defendants' costs or harassing Defendants. Dkt. No. 44 at 2. Defendants seek to recover part of the attorney fees incurred in defending the action and the Court's admonishment of Plaintiff's behavior. *Id.* at 2–3.

On February 24, 2023, the Parties filed a joint status report. Dkt. No. 57. Plaintiff requests a stay in discovery until the pending motion to remand (Dkt. No. 11) and motion to

ORDER - 2

strike affirmative defenses (Dkt. No. 42) are resolved. *Id.* at 5. Defendants request a stay in discovery pending the resolution of Defendants' upcoming motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* Defendants also request that the Court set a deadline for their motion to dismiss for 45 days after the resolution of the currently pending motions. *Id.*

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). This includes the discretion to stay proceedings, as needed. *See, e.g.*, *Driscoll's, Inc. v. Calif. Berry Cultivars, LLC*, No. C19-493, 2019 WL 4822413, at *1 (E.D. Cal. Oct. 1, 2019) (staying discovery in case pending resolution of motion to dismiss).

Upon review of the record and the Parties' requests in the joint status report, the Court finds it appropriate to issue a stay in this matter for the orderly and expeditious disposition of this case and to conserve the Parties' and this Court's resources. The Parties are reminded that the filing of additional motions before this Court will not expedite the resolution of this case and may in fact delay it further. While the Court tries to resolve all pending motions on a timely basis, *see* Local Civil Rule 7(b)(5), this becomes a more difficult task when there are numerous pending motions filed within a short time.

Plaintiff is also reminded that she must confer with opposing counsel in good faith before filing a motion, and that failure to do so can result in the denial of her motion. *See* Judge Tana Lin, Standing Order for All Civil Cases § II.D (last updated Apr. 26, 2022), https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf. "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

ORDER - 3

Accordingly, it is hereby ORDERED:

(1) This matter, including all discovery, is STAYED pending the Court's resolution of the various pending motions. Parties may file any remaining response or reply briefs as to a pending motion. No new motions may be filed before all currently pending motions are resolved, absent urgent or extenuating circumstances.

(2) Defendants' motion to dismiss is due **forty-five (45) days** after the Court rules upon the currently pending motions, unless otherwise modified by the Court or by stipulation of the Parties.

(3) For the avoidance of doubt, the Parties must continue to preserve all records and information that are relevant to this litigation while the case is stayed.

Dated this 1st day of March 2023.

Tana Lin
United States District Judge

ORDER - 4