1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA WHITE,

                    Plaintiff,

     v.

UNIVERSITY OF WASHINGTON et al,

                    Defendants.

CASE NO. 2:22-cv-01798-TL

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

      This matter comes before the Court on Plaintiff's Motion to Remand. Dkt. No. 11.

Having reviewed the Motion, Defendants' Opposition (Dkt. No. 35), the Reply (Dkt. No. 37),

and all supporting materials, the Court DENIES the Motion.

## I.      BACKGROUND

      Plaintiff Melissa White filed a 138-page complaint in King County Superior Court

against the University of Washington, "UW Medicine Harborview Medical Center," UW

Medicine Choice Care, LLC, and several individuals in their individual and official capacity.

Dkt. No. 1-2 (complaint). Plaintiff pursues a variety of federal and state law claims. *Id.* at 2.

Defendants removed this action under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1367, noting that the Court has subject matter jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. Dkt. No. 1 at 3–4 (notice of removal). Defendants' Notice of Removal states that Defendants have not waived "any defense to the Complaint, including, but not limited to, lack of service, improper service, lack of standing, improper venue, forum non conveniens, lack of subject matter jurisdiction, or lack of personal jurisdiction." *Id.* at 4. Plaintiff now seeks remand on the theory that the Court lacks subject matter jurisdiction because Defendants have not waived sovereign immunity, not all of the Defendants consented to removal, and removal was untimely. Dkt. No. 11 at 2–7.

## II.    LEGAL STANDARD

A defendant generally may remove an action filed in state court if a federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

## III.    ANALYSIS

### A.    Removal Was Proper

The Court finds that Defendants' removal was proper. Plaintiff's complaint contains claims arising under federal law over which the Court has original jurisdiction. *See* 28 U.S.C. § 1331. And the Court has supplemental jurisdiction over the state law claims that are related to and derive from a common set of facts that support the federal claims. *See* 28 U.S.C. § 1367. Accordingly, all of the claims were properly removed. *See* 28 U.S.C. § 1441(a), (c).

The Court also rejects Plaintiff's contention that the Court lacks jurisdiction because Defendants did not waive sovereign immunity. When a state voluntarily removes an action, it

waives its Eleventh Amendment immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002). Defendants' voluntary act of removal was sufficient to evidence an unambiguous waiver, and no additional written waiver was needed. *See Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir.), *amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 1999) (recognizing "a state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity").

The Court also finds that each served Defendant consented to remove this action. "In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (quoting *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)). "[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant" provided the attorney of record for the removing defendants signs the notice of removal. *Id.* at 1225. Here, counsel for all Defendants but Lisa Brandenburg and Laura Barry (who may not have been properly served and are addressed separately below) filed a notice of removal on their behalf in December and filed a notice of appearance for the same Defendants. Dkt. Nos. 1, 6. This demonstrates that all properly served Defendants have consented to removal.

Lastly, the Court rejects Plaintiff's contention that the removal was untimely. Removal must be accomplished within 30 days of receipt of proper service. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). Here, the Parties agree that Plaintiff served all but two Defendants between November 22, 2022, and December 5, 2022. *See* Dkt. No. 1 at 2. All served Defendants timely removed on December 19, 2022. *Id.*

The time window in which a Defendant must consent to removal has not begun for any Defendant who has not been served. *See Murphy Bros., Inc.*, 526 U.S. at 347. The Parties dispute whether Ms. Brandenburg was properly served in a separate motion. *See* Dkt. Nos. 52, 58, 60.

But this is moot for the purposes of determining whether removal was timely, because even if Plaintiff's prior attempt to serve Ms. Brandenburg were proper, Ms. Brandenburg consented to removal just four days later, well within the deadline. *See* Dkt. No. 11-1 at 5–6 (December 17, 2022, attempted service); Dkt. No. 7 (December 21, 2022, notice of consent to removal by Ms. Brandenburg). Ms. Barry also does not appear to have been served, and so the time window in which she must consent to remove has not begun. In any case, counsel asserts that Ms. Barry will consent once properly served. Dkt. No. 36 ¶ 4.

**B.      Request for Admonishment**

Defendants request the Court to admonish Plaintiff for failing to comply with the Court's rules and orders and to warn her that sanctions may result from her misconduct. Dkt. No. 35 at 9–10. As Defendants have filed a motion for sanctions, the Court will address the substance of Defendants' request in the context of ruling on that motion.

## IV.   CONCLUSION

The Court finds no defect in Defendants' removal of this action. The removal was timely and the Court has subject matter jurisdiction over this action. The Motion to Remand is DENIED.

Dated this 22nd day of March 2023.

Tana Lin
United States District Judge