UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA WHITE,<br><br>                Plaintiff,<br>    v.<br><br>UNIVERSITY OF WASHINGTON et al,<br><br>                Defendants. | CASE NO. 2:22-cv-01798-TL<br><br>ORDER ON PLAINTIFF'S MOTION TO STAY REMAND AND DEFENDANTS' MOTION FOR SANCTIONS |

    *Pro se* Plaintiff Melissa White brought this employment discrimination case contesting the termination of her employment by Defendant University of Washington (and related entities and individuals) in lieu of receiving a religious waiver to its COVID-19 vaccine requirement. Before the Court are Plaintiff's Motion to Stay Remand (Dkt. No. 88) and Defendants' Motion for Sanctions (Dkt. No. 90). Having reviewed all the briefing for both motions and being fully advised on the issues, the Court GRANTS Plaintiff's motion, STAYS remand pending appeal, and DENIES Defendants' request for sanctions.

## I. Background

Plaintiff initially sued Defendants in King County Superior Court, and Defendants removed the case to this Court on December 19, 2022. Dkt. No. 1. A flurry of early motions practice was initiated, primarily by Plaintiff, which resulted in the denial or withdrawal of several motions. *See* Dkt. No. 66 at 3. In a subsequent Order resolving several motions including a motion by Defendant requesting sanctions against Plaintiff, the Court pointed out concerns regarding both Parties' respective behavior in the litigation, addressed Defendants' allegations that Plaintiff failed to meaningfully meet and confer as required prior to filing multiple motions, but denied Defendants' request to impose sanctions at that time. *Id.* at 17–24.

The Court ultimately entered an Order dismissing all of Plaintiff's federal claims, declined to assert supplemental jurisdiction over her state law claims, and remanded the remaining claims back to state court. Dkt. No. 85. Plaintiff has appealed that Order to the Ninth Circuit. *See* Dkt. No. 87. This matter is now before the Court on Plaintiff's request to stay the Court's remand order. Dkt. No. 88. In response, Defendants do not oppose the request for stay but seek monetary sanctions from Plaintiff for again failing to meaningfully meet and confer before filing this motion. Dkt. No. 90. Plaintiff opposes imposition of sanctions. Dkt. No. 92.

## II. Discussion

### A. Plaintiff's Motion for Stay

The Court finds that a stay is warranted under the circumstances. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). Further, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, Plaintiff argues that a stay of the Court's remand order would allow for her case to continue in a single action should

she prevail on appeal. Dkt. No. 88 at 1. Defendants do not disagree, recognizing the Court's "familiarity with [the state law] claims, which were fully briefed in the parties' [prior] pleadings." *See* Dkt. No. 90 at 2. In the interest of the potential "efficient and expedient resolution of" Plaintiff's case should her appeal succeed, and in the absence of opposition from Defendants, the Court will exercise its discretion to stay its order remanding the surviving state law claims until Plaintiff's appeal is fully resolved. Dkt. No. 85.

B. **Defendants' Motion for Sanctions**

Defendants' fail to establish that sanctions are appropriate. A court may impose sanctions on a party or its counsel by three primary means: (1) Federal Rule of Civil Procedure 11 (not applicable here); (2) 28 U.S.C. § 1927, which penalizes unreasonable and vexatious multiplicity of proceedings; and (3) the inherent power of the court. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under § 1927 requires a finding of recklessness or bad faith. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001). However, a reckless but nonfrivolous filing may not be sanctioned unless it was intended to harass. *See In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996); *see also Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 442 (9th Cir. 2017) ("Without more, reckless, but nonfrivolous, filings may not be sanctioned."), *abrogated on other grounds by Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020). A court may also impose sanctions under its inherent authority for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fink*, 239 F.3d 989, 991 (9th Cir. 2001) (*quoting Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)); *see also In re Keegan*, 78 F.3d at 436 (holding that a specific finding of bad faith is required to impose sanctions under a court's inherent powers).

Here, Defendants' primary argument for sanctions is that Plaintiff had previously been warned regarding her obligation to meaningfully meet and confer before filing motions, yet she failed to do so again before filing the instant motion. Dkt. No. 90 at 2–3. Specifically, even though she called and spoke with defense counsel to inform Defendants of her intent to seek a stay, Plaintiff nonetheless filed the motion the next day before defense counsel had a chance to speak with Defendants about the matter. *Id.* Defendants argue that her filing was inherently reckless, at minimum, and also evidences bad faith since she was previously warned about the need for a meaningful meet and conferral. *Id.* Plaintiff responds by noting that she was very clear about her intent to file the motion when she called and spoke with defense counsel, asked if a stipulation to the motion was possible, and expressed urgency since it appeared the remand was already in process. Dkt. No. 92 at 1–6.

Defendants' request for sanctions fails because there is no evidence of bad faith or intent to harass. Plaintiff appears to have had a genuine, even if mistaken, belief that there was an urgent need to file her motion, which undercuts Defendants' claim that her failure to give them more time to respond demonstrates bad faith. As previously noted by the Court, it is loath to penalize Plaintiff for reasonable "confusion. . . [when she makes] a good faith effort to abide by rules that may be confusing to a *pro se* litigant." Dkt. No. 66 at 21. In that same Order, the Court described the meet-and-confer obligation as specifically requiring her to: "(1) clearly explain what specific action [she] will seek in an upcoming motion; (2) briefly note [her] legal and factual grounds for asserting an entitlement to such relief; and (3) only proceed to bring the motion before this Court if [she] believes that the motion might still succeed in spite of the opposing party's objections and counter-arguments." *Id.* at 22–23. It appears that Plaintiff fulfilled these requirements in her phone call with defense counsel, even if her anxiety regarding the perceived urgency led her to prematurely file. And, to the extent she was nonetheless reckless

in filing before hearing back from defense counsel, Defendants' failure to oppose the merits of the request for a stay dooms their request for sanctions. A reckless but nonfrivolous filing may not be sanctioned unless it was intended to harass. *See In re Keegan*, 78 F.3d at 436. Defendants do not argue that the motion to stay is intended to harass, nor would such an argument be entertained by the Court under these circumstances.

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's motion (Dkt. No. 88) is GRANTED;

(2) The portion of its prior Order remanding Plaintiff's state law claims to King County Superior Court (Dkt. No. 85) is STAYED pending appeal; and

(3) Defendants' request for sanctions (Dkt. No. 90) is DENIED.

Dated this 18th day of April 2024.

Tana Lin
United States District Judge